**No. 58268.**—Sintered Carbide Corp. and Airport Clearance Service *v.* United States, protest 196730–K (New York).

Opinion by LAWRENCE, J.   At the trial, it was stipulated that the merchandise consists of bars containing more than 50 percent of tungsten carbide, that the bars do not contain any of the elements or materials mentioned in paragraph 305 (19 U. S. C. § 1001, par. 305) in excess of the minimum percentages enumerated therein, and that the present practice of the examiner is to advisorily classify such merchandise at 25 percent under said modified paragraph 316 (b), as claimed. Upon the uncontroverted facts, the claim of the plaintiffs was sustained.

**No. 58269.**—E. Miltenberg, Inc. *v.* United States, protest 210006–K (B) (New York).

Opinion by LAWRENCE, J.   At the trial, a sample of the merchandise was received in evidence as exhibit 1.   Plaintiff's witness testified that the alcohol container is used to hold a hypodermic syringe and hypodermic needles; that, in use, alcohol is placed in the container, the syringe is inserted "inside this canula," and the hypodermic needles are placed in the four holes around the flange; and that he knew of no use for the article other than as a carrier or receptacle for alcohol and hypodermic syringes plus needles.   It was orally stipulated that exhibit 1 is in chief value of base metal and is not plated with gold, silver, or gold lacquer, and that the present practice of the examiner and the appraiser is to advisorily classify the merchandise under paragraph 397, as modified, *supra*, at the rate claimed herein.   From the uncontroverted testimony and the stipulation, the court was of opinion that the presumption of correctness attaching to the collector's classification had been overcome.   The claim of the plaintiff was therefore sustained.